IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DAVID D., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:22-cv-00021-CMR <br><br> MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff Michael David D. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act) (ECF 18). After careful review of the entire record, the parties' briefs (ECF 22, 26, 27), supplemental briefing (ECF 30, 32, 34), and arguments presented at hearings held on January 12, 2023 and March 3, 2023 (ECF 29, 35), the undersigned concludes that the Commissioner committed reversible error. For the reasons stated on the record at the March 3, 2023 hearing, and as outlined below, the court REVERSES the Commissioner's decision, and REMANDS this action for further administrative proceedings consistent with this decision.

I. BACKGROUND

Plaintiff was 55 years old on his disability onset date of January 11, 2019 (Certified Administrative Transcript (Tr.), ECF 15–18 at 236). Plaintiff filed application for disability insurance benefits (DIB) on October 16, 2019, alleging disability due to blind or low vision,

hearing loss tinnitus, traumatic brain injury, type 2 diabetes, neuropathy, tremors, headaches, mood problems, hypertension, aortic valve replacement, depression, anxiety, and sleep apnea (Tr. 236–37). In a decision dated May 26, 2021, the ALJ determined Plaintiff had medically determinable impairments of mild cataracts, tinnitus with hearing loss, hypertension, diabetes mellitus - type II, sleep apnea, mixed headaches, obesity, unspecified depressive disorder, generalized anxiety disorder, and alcohol use disorder (Tr. 192). The ALJ found that Plaintiff's tremor, neuropathy, traumatic brain injury, and aortic valve replacement were not medically determinable impairments. At step 2, the ALJ determined that Plaintiff does not have a severe impairment or combination of impairments and that that his medically determinable impairments cause no more than mild limitations (Tr. 192–97). The ALJ therefore concluded that Plaintiff was not disabled and denied disability benefits (Tr. 197) without proceeding to subsequent steps of the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520 (outlining the process). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. LEGAL STANDARDS

### A. Disability Determination

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The analysis evaluates whether:

1. The claimant presently engages in substantial gainful activity;
2. The claimant has a medically determinable severe physical or mental impairment or impairments;
3. The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulations which preclude substantial gainful activity. If the claimant has an impairment which meets or is in equivalent in severity to a listed impairment the analysis stops and the claimant is awarded benefits. If not, the ALJ must decide if:
4. The impairment prevents the claimant from performing his past relevant work. If the impairment does not prevent the claimant from performing his past relevant

> work, the analysis stops and the claimant is denied benefits. If the impairment(s) prevent the claimant from performing his past relevant work the ALJ must decide whether;
> 5. The claimant possesses a residual functional capacity (RFC) to perform other work in the national economy considering his age, education, and work experience.

*See id.* The claimant has the initial burden of establishing the disability in the first four steps, and at step five the burden shifts to the Commissioner. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

### B. Standard of Review

The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### III. DISCUSSION

Plaintiff makes several arguments relating to step two of the five-step sequential disability process. At step two, before the ALJ may initially determine whether an impairment is severe, the

3

ALJ must make the threshold determination of whether the claimant has a medically determinable impairment (MDI). *See* 20 C.F.R. § 404.1521. Under this standard, the MDI "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* This means that "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source," and the claimant cannot rely solely on his "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." *Id.*

Plaintiff has the burden to prove that he has an impairment or combination of impairments that is severe, meaning that it "significantly limits [his] ability to do basic work activities." 20 C.F.R. § 404.1520(c). A claimant must only make a "de minimus" showing to advance beyond step two. *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004). An impairment or combination of impairments is not severe if it does not significantly limit one's physical or mental ability to do basic work activities that include understanding, carrying out and remembering simple instructions, using judgment, responding appropriately to supervision and coworkers in the usual work situations, and dealing with changes in routine work setting. *See* 20 C.F.R. § 404.1522.

Plaintiff argues that the ALJ erred in his determination that Plaintiff's TBI, tremor, and neuropathy were not MDIs, and that Plaintiff's migraine headaches, diabetes, sleep apnea, hypertension, vision loss, and mental impairments were not severe. Specifically, Plaintiff takes issue with the ALJ's findings that Plaintiff's headaches were an MDI, but his TBI was not, because he argues his headaches were caused by TBI. Following the January 12, 2023 hearing, the court ordered supplemental briefing on three issues including: (1) whether the apparent inconsistency in the ALJ's finding is reversible error; (2) whether plaintiff waived this issue; and (3) whether it was harmless error (ECF 29).

With respect to the first issue, Plaintiff argued the inconsistency in the ALJ's findings is reversible error because the evidence consistently shows that his headaches were caused by TBI. The Commissioner responded that the record was "mixed" as to whether Plaintiff's TBI caused headaches, and it was reasonable for the ALJ to find Plaintiff's headaches were an MDI, but his TBI was not. The court agrees that the ALJ's findings are inconsistent and finds the Commissioner's explanation for this inconsistency to be an improper post hoc rationalization. In reviewing under the substantial evidence standard, the court is mindful that the ALJ's decision should be evaluated based solely on the reasons articulated in the decision. *See Ann S. v. Kijakazi*, No. 2:20-cv-00841-JCB, 2022 WL 204596, at *3 (D. Utah Jan. 24, 2022). Affirming a post hoc rationalization to salvage the ALJ's decision would require the court "to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Id.* (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1084–85 (10th Cir. 2004)).

Here, the ALJ did not make a finding that the evidence was "mixed" or whether headaches were caused by TBI, and it would be improper for the court to reweigh the evidence to make an initial determination on this issue. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (The court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's[.]"). The ALJ's inconsistent findings on this issue suggests that the ALJ did not adequately consider the relationship between Plaintiff's TBI and headaches. To conclude otherwise would require mere speculation regarding the ALJ's analysis. Remand is therefore necessary for the ALJ to properly evaluate Plaintiff's TBI and headaches at step two and subsequent steps if necessary.

As to the issue of waiver, the court finds Plaintiff adequately raised the issue of headaches resulting from TBI and argued that the ALJ erred in not finding both impairments to be MDIs and severe impairments.

5

Finally, Plaintiff argues that this error is harmful because the ALJ found no severe impairments and did not proceed to subsequent steps. The court agrees. The *Abeyta* case cited by the Commissioner is distinguishable because unlike this case, the severe impairment analysis was "exceedingly thorough." *See Abeyta v Astrue*, No. 09-02161-REB, 2011 WL 93721, at *3 n.2 (D. Colo. Jan. 10, 2011). The court also declines to rely on *Ray v. Colvin*'s finding of harmless error because the ALJ in that case provided an RFC determination at subsequent steps, which is factually distinct from this case where the analysis ended at step two. 657 F. App'x 733, 734 (10th Cir. 2016). The Commissioner further argues that because the ALJ found persuasive and reasonably relied on the state agency's medical providers who referenced TBI, any error would be considered harmless. The court disagrees because, as discussed above, there was insufficient analysis from the ALJ with just two sentences of discussion on Plaintiff's TBI without addressing the relation, if any, to Plaintiff's headaches. The court finds *Ann S.* supports finding harmful error where, as here, there is insufficient analysis at step two.

## IV. CONCLUSION

For the reasons stated at the March 3, 2023 hearing, and as outlined above, the Commissioner's decision is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Decision and Order.

DATED this 20 March 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah