IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DAVID DESJARDINS,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING [40] MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>Case No. 2:22-cv-00021-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is attorney (Plaintiff's Counsel) Motion for Attorney's Fees (Motion) (ECF 40) pursuant to 42 U.S.C. § 406(b)(1). Defendant Commissioner of Social Security (Commissioner) does not oppose the request (ECF 41). For the reasons stated below, the court GRANTS the Motion.

## I.   BACKGROUND

Plaintiff Michael Desjardins (Plaintiff) hired Plaintiff's Counsel on a contingency-fee basis to represent him in federal court for claims arising from the Commissioner's decision denying his application for disability insurance benefits (ECF 40-1 at 11–12). Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee award would be twenty-five percent (25%) of the past-due benefits awarded based on Plaintiff's claims (*id.*).

On January 7, 2022, Plaintiff initiated this matter and began his appeal of the decision of

---

[1] Frank Bisignano is currently the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

the Commissioner in this court (ECF 1; ECF 2). On March 20, 2023, the court remanded the matter to the Commissioner for further proceedings (ECF 36). That same day, the court entered judgment in favor of Plaintiff and against the Commissioner (ECF 37).

Following remand, the parties filed a stipulated motion for award of attorney's fees under the Equal Access to Justice Act (EAJA) (ECF 38). On June 16, 2023, the court awarded $7,500.00 in attorney's fees to Plaintiff's Counsel under the EAJA (ECF 39).

On April 9, 2024, the Social Security Administration (SSA) awarded Plaintiff $69,799.00 in past-due benefits (ECF 40-1 at 7). Of the total past-due benefits award, $17,449.67 was withheld by the SSA for direct payment of attorney's fees, and $7,200.00 was used to pay for administrative fees (*id.* at 2, 8).

On May 3, 2024, Plaintiff's Counsel filed the instant Motion seeking an award of $10,249.67 in attorney's fees for court representation of Plaintiff pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b) (ECF 40). The Commissioner filed a response stating it did not object to Plaintiff's Counsel's request for fees (ECF 41). Plaintiff did not file an objection to the Motion, and the time for doing so has expired.

## II.     DISCUSSION

Plaintiff's Counsel seeks the court's authorization and award of attorney's fees in the amount of $10,249.67(ECF 40). 42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits." Courts make an independent determination of whether the fee award sought under § 406(b) is reasonable by examining the reasonableness of the contingency-fee agreement "based on the character of the representation and the results . . . achieved." *Gisbrecht v. Barhart*, 535 U.S. 789, 808 (2002). A court can reduce a

fee award if, for example, "the attorney is responsible for delay . . . during the pendency of the case in court" or "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* In addition, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, Plaintiff's Counsel represents that the requested fee award of $10,249.67 for court representation is equal to 25 percent of past due benefits minus the amount withheld by the SSA for direct payment of attorney's fees. The court also notes that Plaintiff's Counsel's Motion is unopposed. Neither the Commissioner nor Plaintiff has objected to the award requested by Plaintiff's Counsel.

Nevertheless, pursuant to *Gisbrecht*, the court will examine whether the fee request is reasonable. First, upon review of the record in this case, there is no indication that Plaintiff's Counsel was responsible for any undue delay in resolving Plaintiff's claims. Plaintiff initiated this appeal on January 7, 2022, and the Commissioner's decision was reversed and remanded on March 20, 2023. On April 9, 2024, the SSA notified Plaintiff that it would pay her past-due benefits, and Plaintiff's Counsel filed the present Motion on May 3, 2024. Accordingly, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits. Therefore, the court finds no basis to reduce Plaintiff's Counsel's award on this basis.

Next, the court may reduce the attorney's fees award if the amount is larger in comparison to the amount of time Plaintiff's Counsel spent on the case. Here, Plaintiff's Counsel represents that he spent 45.12 hours on behalf of Plaintiff pursuing his claims (ECF 40-1 at 15). Thus, if the court were to authorize an award of $10,249.67 it would result in a rate of approximately $227.16

per hour. The court finds this to be a reasonable amount for representation of Plaintiff in federal court.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the court finds the requested fee amount to be reasonable and authorizes Plaintiff's Counsel to receive an award of $10,249.67 in attorney's fees under Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1).

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion is GRANTED and Plaintiff's Counsel is awarded $10,249.67 in attorney's fees. Upon payment of this amount, EAJA fees in the amount of $7,500.00 will be refunded to Plaintiff.

DATED this 29 July 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah